# United States District Court for the District of Rhode Island

KATHY CASTILLO
5718 CHERRY GLEN ROAD
VACAVILLE, CA. 95688
707-761-6345

Plaintiff, Pro Se,

V.

DAVID J STRACHMAN
GEORGE PATRICK HOVARTH
MARGARET MARY HOVARTH
RYANNA CAPALBO
BILODEAU CAPALBO, LLC
ARNOLD DIBATTISTA
THE ESTATE OF SYLVESTER ZAMBARANO

RECEIVED
NOV 12 2026
U.S. DISTRICT COURT
DISTRICT OF R.I.

Defendants

Case No.:______________________________________

**COMPLAINT FOR CIVIL RICO AND FRAUD**
**(Jury Trial Demanded)**

## I. JURISDICTION, CIVIL RICO, & VENUE

**1.1: JURISDICTION:** This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1332 (Diversity of Citizenship). There is complete diversity between the California Plaintiff and the Rhode Island Defendants, amount in controversy exceeds the statutory threshold of $75,000.00.

**1.2 CIVIL RICO STATUTORY BASIS:** The Plaintiffs federal claims for racketeering, conspiracy, and institutional fraud are authorized by Congress under the Racketeer Influenced and Corrupt Organizations Act, pursuant to 18 U.S.C. § 1961, § 1962, and § 1964 ©. This action

arises directly under the laws of the United States based on the Defendants' coordinated pattern of actionable Mail Fraud under 18 U.S.C. § 1341 and Wire Fraud under 18 U.S.C. § 1343.

**1.3 VENUE:** Venue is completely proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events, omissions, forgeries, and fraudulent probate filings giving rise to the Plaintiff's claims occurred within this judicial district.

## II. THE PARTIES -

1. Plaintiff, Kathy Marie Castillo residing at 5718 Cherry Glen Road, Vacaville, California 95688.

2. Defendant Arnold DiBattista, cousin who lives at 74 Greenville Road, North Smithfield, Rhode Island 02896.

3. Defendant David J. Strachman is a licensed attorney in Rhode Island, with a principal place of business located at 2139 Broad Street, Pawtuxet Village, RI 02905-3303.

4. Defendant Ryanna Capalbo is an attorney licensed to practice law in Rhode Island, with a principal place of business located at 1350 Division Road, Suite 102, West Warwick, RI 02893.

5. Defendant Bilodeau Capalbo, LLC, is a domestic limited liability law firm operating under the laws of the State of Rhode Island, with a principal place of business located at 1350 Division Road, Suite 102, West Warwick, RI 02893.

6. Defendant George Patrick Hovarth is both Notary & attorney licensed to practice law in Rhode Island, with the principal place of business located at 75 Park Place, Pawtucket, RI 02860

7. Defendant Margaret Mary Hovarth is both Notary & attorney licensed to practice law in Rhode Island, with the principal place of business located at 75 Park Place, Pawtucket, RI 02860

**8**. The Estate of Sylvester Zambarano, Deceased, 613 River Mountain Drive, Bourne, TX 78006-4574

## III. STATEMENT OF FACTS -

1. This action involves the unlawful administration, conversion, fraud on the court, breach of fiduciary or professional duties, violations of professional ethics, conspiracy, and distribution of assets relating to the probate of Daniel Anthony DiBattista, in Rhode Island Probate Court. Plaintiff is a lawful beneficiary and interested party to said estate.

**2.** Defendant Arnold DiBattista initiated a scheme to deprive the Plaintiff of their lawful property and inheritance by making deliberate, fraudulent misrepresentations to the court and to the other named Defendants George and Margaret Mary Hovarth.

**3.** Co-conspirator Sylvester Zamabarano subsequently joined and advanced this active scheme by consenting to the fraudulent, backdated 2020 residuary clause distribution and maintaining deliberate, three-year administrative silence to secure an unlawful windfall from the estate to the absolute exclusion of the Plaintiff.

4. Defendant Margaret Mary Hovarth is an active licensed attorney and a commissioned Notary Public operating within Rhode Island, who used her official notary seal and professional position to execute the alleged will while leaving her own personal handwriting style directly on the alleged signature line.

5. Defendant George Patrick Hovarth is an active licensed attorney and a commissioned Notary Public operating within Rhode Island, who used his position at Hovarth & Hovarth to conspire with the enterprise, hand -notarize his own spouse's signature, and personally execute an alleged witness signature right onto the paperwork.

6. Defendant David Strachman in an active licensed attorney operating within Rhode Island, who executed severe administrative intimidation, withheld vital evidence and committed blatant Fraud on the Court.

7. Defendant Ryanna Capalbo is an active licensed attorney operating within Rhode Island, who breached her professional duties of absolute loyalty, withheld vital case information, and actively colluded with adverse counsel.

8. Defendant Bilodeau Capalbo, LLC is a domestic professional liability corporation within Rhode Island, liable for the acts of its partner attorney's.

## 2. CHRONOLOGICAL FACT TIMELINE

## Phase 1: Premeditated Real Estate Deceptions ( August - October 2022)

### A. Pre-Probate Background Facts (2020)

* January 14, 2020: The execution of the purported will reveals an explicit handwriting style fraud. The style and construction of the decedent's signature, specifically the formation of the capital letter "D," is completely foreign to his authentic lifelong writing style, indicating a deliberate impersonation.

* January 14, 2020: Simultaneously, the mysterious witness signature shares matching pen starts, right angles, and lift-offs Characteristic of Defendant George Hovarth's handwriting, evidencing an insider forgery.

* January 14, 2020: The text of the purported will contains an explicit, predatory Residuary Clause in the 'fourth' section, intentionally structured to bypass the lawful next of kin and divert 100% of the decedent's real estate equity and liquid banking assets directly to Defendants Arnold DiBattista and Sylvester Zambarano.

* The execution of the purported will reveals a complete absence of notarial neutrality. Defendant Margaret Mary Hovarth signed as subscribing witness, while her spouse, Defendant George Hovarth, acted as the Notary to authenticate both her signature and the fraudulent signature of witness Alec Perry.
* November 23, 2020: Defendant Arnold DiBattista executes a warranty deed transferring his primary residence at 74 Greenville Road into the DiBattista Family Trust for a token fee of $100.00, deliberately sheltering his personal equity from future liability anticipating the eventual exposure of the fraudulent estate scheme.

**CHRONOLOGICAL INJURY TIMELINE (2022-2024)**

1. **August 30, 2022:** Decedent Daniel DiBattista passes away in Rhode Island, formally generating the decedent's Death Certificate, Obituary, and the Plaintiff's certified Birth Certificates establishing her status as sole next-of-kin. Pursuant to R.I. Gen. Laws § 33-7-5, a custodian must deliver a will within 30 days; however, the Defendants intentionally waited 56 days to lodge the fraudulent document, deliberately keeping the estate hidden from the public and the out-of-state Plaintiff.

2. **August 30, 2022:** Immediately following the decedent's passing, witness Sylvester Zambarano made a good-faith attempt to connect with the out-of-state Plaintiff by issuing a digital Facebook communication request.

2a. August 2022: Photo proof captured the true condition of my father's house at 1928 Smith Street, No, Providence, RI. The image showed a standard, intact 2-family home that only needed basic outside paint maintenance. This footprint proved the house was never dilapidated, exposing how the Defendant later undervalued the property to run their corporate equity siphon.

**3. August 30, 2022:** Upon learning of this contact with Sylvester, Defendant Linda actively intercepted the communication line by executing an affirmative misrepresentation via text, falsely claiming Sylvester's digital account "had been hacked" and instructing the Plaintiff not to contact him.

This Deceptive act constituted intentional fraudulent concealment and wire fraud under 18 U.S.C. § 1343 to prevent Sylvester from exposing the unauthorized use of his identity before he was subsequently induced into the estate distribution scheme. Clearly Sylvester was unaware he was included in the alleged will, or he never would have tried to contact Plaintiff, and he never did after he was aware. Took it to his grave sadly.

**4. September 14, 2022:** The Plaintiff formally transmitted a written demand to Defendant Linda via text, stating: "Whats going on with my dad's stuff? Who's in charge? Is there an attorney? I'm still his daughter and everybody knows I exist….to be left out of the obituary speaks volumes. Please let me know."

**5. September 14, 2022:** Defendant Linda immediately replied with a deceptive omission and cover story via text, stating: "Wish I had an answer….He probably set everything up with an attorney and the obituary with the funeral home….Never said much."

This text constituted intentional fraudulent concealment and wire fraud under 18 U.S.C. § 1343 to obscure the enterprise's identities and allow them to file probate papers secretly.

**6. September 2022:** Throughout the post-passing period, Defendant Linda repeatedly deployed the exact same verbal script to the Plaintiff, falsely claiming the dependent had personally authored and arranged his own obituary notice with the funeral home.

This repetitive, unsolicited pattern was executed to deflect suspicion away from Arnold's active local concealment and condition the Plaintiff into accepting the total administrative silence.

7: **October 12, 2022:** Moving in absolute secrecy, Defendant Cousin Arnold DiBattista and Margaret-Mary Hovarth executed and notarized Form PC-1.5 ( Petition for Probate)

They intentionally withheld and delayed filing this petition for an additional 9 days until October 21, 2022, resulting in a total 52 -day period where the estate was deliberately suppressed from the public registry and the out-of-state heir. On this date, Hovarth unlawfully signed the petition under the fraudulent title of "Attorney of Record" for a non-existent estate case.

**8: October 12, 2022:** Arnold DiBattista and Attorney Margaret Mary Hovarth pre-date and execute probate forms, (Form PC 1.5, Petition, PC 9.2, PC 3.4 Bond). They leave the heir lines blank to erase Kathy's existence. Attorney Margaret Mary Hovarth acts as Notary for her own client before the case is legally open.

**9. October 20, 2022:** Attorney Nicolas Lambro's confronts Defendant Hovarth, who received direct written notice that plaintiff existed and the sole biological heir establishing actual notice of the living biological daughter.

Hovarth falsely asserted the decedent had no children, intentionally concealing that Form PC-1.5 utilized deceased spouse Lois C. Zielonka as a front, while hiding the Plaintiff behind a blank "Page 1A" attachment that was deliberately withheld from the court filing on October 21, 2022.

10. **October 21, 2022:** Instead of amending the forms to list Kathy Castillo, the Defendants rushed to file the backdated October 12th papers to block the Plaintiff from the automated court tracking system.

**11. October 24, 2022:** Attorney Margaret Mary Hovarth signs a probate affidavit using the name of a deceased stranger, Victor Mariani, notarized illegally by her husband George Hovarth. After Plaintiff exposed this fraud, the Defendants subsequently manufactured a "revised" affidavit, fraudulently backdating it to the same October 24th date to cover their tracks on public record.

**12. October 25, 2022:** Margaret Mary Hovarth emails a deceptive notice to Kathy in California, using dismissive language, (purported relationship) and giving her a 13 day window to respond.

13. **October 26, 2022:** Plaintiff retains Attorney David Strachman, as Nicholas Lambros did not handle litigation. The Plaintiff directly confirmed receipt of her retainer payment, and Strachman stated affirmative acceptance.

14. **October 27, 2022:** Defendant Strachman held an unauthorized, undisclosed meeting with opposing counsel Hovarth, subsequently and falsely stating to the Plaintiff that he never received her check to intentionally stall and compromise her out of state response window.

**Phase 2: INTERNAL ADMINISTRATIVE SABOTAGE ( November 2022-March 2023)**

**15. November 2, 2022:** Strachman drafts Kathy's Appearance and a formal Objection to the Probate of the Will. He files the Appearance but deliberately leaves the Objection completely unstamped by the clerk, keeping the probate Judge blind to the will contest. Mails both copies to Plaintiff by USPS mailed both unstamped.

**16. November 3rd & November 4, 2022:** Plaintiff gave Defendant David Strachman original birth certificates, photos, signature samples, cousins emails proving she was Daniel DiBattista's biological daughter. Plaintiff also pointed out all the errors on the will.

Strachman ignored all evidence and focused only on a single name error on a fresh Birth Certificate. Plaintiff later discovered that an un-stamped Form PC-3.6 Statement of Qualification, signed by the town clerk on December 28, 2022, had been processed without my knowledge or notice.

**17. May 15, 203** (Stipulation Forgery): Defendant Attorney Margaret Hovarth types and Attorney Capalbo's office fabricated a fraudulent Form PC-9.5 Stipulation containing a fake June 14, 2023 deadline, utilizing a backdated November 7, 2022 clerk stamp to engineer a prearranged default record. This fraudulent instrument intentionally substitute the decedent's name with a fake name, "Arthur DiBattista" This packet contains an impossible forgery timeline, certifying the document was mailed on April 21, 2023, three weeks before the actual stipulation was even written on May 15, 2023. The enterprise routed this faked paper string directly to Strachman's paralegal, Deborah Galasso, bypassing the public registry to secure a hidden real estate title siphon to the absolute exclusion of the Plaintiff.

**18. December 19, 2022:** At the first hearing Defendant David Strachman presented a knowingly flawed document to the Judge-a new fresh birth certificate omitting the Plaintiff's father's true name, reading "Daniel Demers" instead of Daniel DiBattista Demers. Strachman utilized this error to confuse the court and fabricate a false identity dispute, while willfully withholding the Plaintiff's 1955 birth records, her 1973 wallet -size birth certificate , and her cousins' confirming emails from the judge's desk.

**19. December 27, 2022:** The Defendants procure an illegal irregular post-mortem Conservatorship order over a man deceased for four months. This order unlawfully directed that Daniel's bank accounts be removed from standard banking protections and privately maintained

at Hovarth's office to conceal fluctuating cash assets ($125,000K verbal, changed to $105K and crossed out to $87K) Defendant Strachman's December 19th email affirmed these shifts, along with the judges notes, and willfully keeping the Plaintiff blind and blocked from her inheritance.

**20. January 21, 2023**: Plaintiff transmitted a formal email confronting Defendant Strachman for an unexplained disputed 2 hour billing charge and deliberate failure to present her 1955 birth proof and will forgery objections to the Judge. This communication explicitly documented the targeted, 15 minute pre-hearing social media wipe that stripped her of cousins text evidence. In Hostile retaliation, Strachman textually defamed the decedent calling the Plaintiff's father a "piece of shit" in writing on January 24th to maliciously coerce the Plaintiff into abandoning her claims and accepting an unfair, diminished out-of-court settlement.

**21. February 1, 2023:** Panicking over banking non-compliance , Attorney Margaret Hovarth calls Strachman stating she needs to settle the case.

**22. February 2, 2023:** Defendant George Hovarth sent a letter regarding the Citizens Bank rejection to Strachman, who forwarded it to the Plaintiff. Strachman then replied to Margaret Hovarth, writing, "I'm not inclined to agree for obvious reasons. Why not just subpoena the bank manager, that will get his/her attention. They MUST respect court orders, that's ridicules." It sounded like he was actively helping Hovarth bypass the bank instead of protecting Plaintiff's rights.

**23**: **February 2, 2023:** Defendant Strachman covered for Hovarth's and emailed me writing: "what's the ETA on the materials we discussed? Hovarth left a message at my office yesterday, so what should I tell her? She needs to settle the case." This email completely contradicted his

previous statement to me, where he explicitly told me that this identity explanation was not due until the April 17th hearing. Judge ordered an explanation of the use of Demers at first hearing.

**24. February 3, 2023**: Plaintiff sent the "use of Demers" report out certified to Strachman. Plaintiff included the emails from cousins again, photo's, and letters proving she is in fact Daniel's daughter, in the report. Strachman never commented on receiving it and never mentioned it again.

**25. February 14, 2023:** The Plaintiff uncovered internet search records showing that the purported will witness, Alec Lee Perry, was registering at the South Texas School of Law starting January 2020. Because records show he had moved to Texas and registering at South Texas School of Law, it raised massive questions about how he could have physically witnessed the will on January 14, 2020.

**26. February 14, 2023:** The Plaintiff covered public records proving the purported will witness, Alec Perry, only worked for the Hovarth Law Firm from September 2015 through April 2017. However, additional internet searches exposed an altered resume on Perry's LinkedIn profile, updated on April 22, 2022, that falsely extended his employment to March 2020 to make it appear he resided in Rhode Island during the will execution.

**27: March 6, 2023**: The Defendants propounded a massive set of Interrogatories to the Plaintiff. This heavy paced of court discovery questions forced the Plaintiff into an administrative corner across state lines, while the underlying will errors and estate asset totals remained completely unaddressed by counsel.

**28: March 9, 2023**: The Plaintiff completed and submitted full, completely honest and or to the interrogatories and the accompany anti-spoilage notice. Realizing she was being actively

sabotaged from within, the Plaintiff officially terminated David Strachman's legal representation on this date.

## Phase 3: The Clandestine Alliance & Spoliation (March 2023 - June 2023)

**29: March 9, 2023:** the Plaintiff forwarded the interrogatory file to her new counsel at Capalbo's office, including the March 6th letter detailing the bank's March 20th deadline. On March 17, 2023 counsel Tamara transmitted an email revealing that a secret December 27, 2022 order routed Daniel's bank accounts directly into Defendant Hovarth's private office control. Tamara's email explicitly proved that Defendant Strachman's prior sabotage had completely blinded new counsel, falsely stating the plaintiff was not objecting to a fraudulent will, but merely disputing a lack of notice.

**30. March 11, 2023:** The Plaintiff explained by phone to Defendant Ryanna Capalbo that she was transmitting a detailed letter documenting Strachman's sabotage and her reasons for hiring the firm. Capalbo flatly and rudely rejected the information, stating she already knew everything about the case and did not need the Plaintiff's written letter. This interaction established an immediate procedural red flag, as new counsel actively blocked the Plaintiff from disclosing the will forgery evidence.

**31:** Left blank

**32:** Left blank

**33: March 20, 2023:** The Plaintiff sent an explicit written warning to Defendant Ryanna Capalbo ordering an immediate fraud and forgery investigation into witness Alec Perry and exposing that Strachman buried her evidence files. Capalbo completely ignored this explicit

mandate, buried the Texas residency data, and entered into a clandestine alliance with Strachman to maintain the cover-up.

**34. March 27, 2023:** Defendant Ryanna Capalbo emailed me stating my father's signatures certainly looked different and mentioned hiring an expert. Capalbo stated she would not hire the expert until she spoke with Attorney Hovarth first, and then she went completely silent without telling Plaintiff the results of that conversation.

**34b. March 29, 2023:** The Defendants filed a revised Withdrawal and Entry of Appearance where Defendant David Strachman explicitly admitted on the record that Plaintiff is the "daughter and heir" of the decedent, demolishing their fraud pattern. Furthermore the document's prove severe flaws because it completely lacks physical signature from any attorney and only carries a rubber court stamp. This unsigned Ghost paper proves that Defendant Capalbo and Defendant Strachman bypassed mandatory court rules, utilizing shared office templates to secretly manipulate the Plaintiff's representation records and patch their March 16 omission while keeping the Plaintiff completely blocked from California. Allowing attorney collusion.

**35. April 2023: Plaintiff** obtains an unsigned, subpoena to Andrea Dong at Citizens Bank inside the court file. The paper carried a handwritten date of March 14, 2023, but lacked any official court stamps or authorized signatures.

**36.** March 2023, Tamara informed the Plaintiff that the probate Judge never ordered any written explanation regarding the use of the name, "Demers." This confirmed that Defendant Strachman had lied to the Plaintiff, and that the upcoming April 17, 2023 court date was just a status update rather than a mandatory deadline.

**37. Left blank**

**38. May 1, 2023:** Defendant Capalbo sent an email to the Plaintiff stating that an official birth certificate and family letters were not enough to prove paternity today. Capalbo claimed that short of a DNA test, there would never be any forensic hard evidence that is beyond a reasonable doubt that, Daniel was the Plaintiff's father.

This communication actively dismissed the Plaintiff's legal government records while the underlying will forgery remained completely hidden.

**39. 5/25/2023:** The paralegal Tamara admitted in writing that the Plaintiff's green card and physical resemblance to her father on his online funeral home obituary records gave an undeniable family connection.

Tamara Explicitly typed that it was "very hard not to notice" how much the plaintiff looked like her father, Daniel DiBattista, and suggested adding the proofs to Exhibit G.

Ultimately, these family photographs and online obituary records never appeared inside the final Exhibit G filings, leaving the biological heir evidence entirely absent from the probate court registry.

**40. May 30, 2023 (The Secret Zillow Listing):** Without any permission from the court, and without giving any notice or warning to the Plaintiff the Defendants secretly put the Plaintiff's dad's historic home up for sale on the market through Zillow.

The house was listed under a prearranged contract hurry up and finalize a closing date of August 1, 2023 keeping the entire sale completely hidden from Plaintiff while she was isolated in California.

**41. June 1-15, 2023 :** The paralegal Tamara emailed the Plaintiff stating that her family letters showed a clear connection and would be fixed as Exhibits A-G. The final court packet was

officially stamped on June 15, 2023. An audit of the files later revealed that the defendants had altered the packet, removing 12 family emails, a photograph of her parents, and Plaintiff's father's signature cared. The Defendants then substituted 36 random text messages to clutter the record, while stuffing all the pages in the exhibits, exclusively into Exhibit A. Exhibits B-G were gone.

41a: May 30, 2023: Defendant Capalbo/ Tamara sent an email to the Plaintiff admitting that the bank refused to honor their court orders because the firm had submitted the paperwork incorrectly. Capalbo admitted they erroneously filed for a conservatorship instead of a probate administration, and that an amended order had to be submitted to correct the blunder.

To hide this error Capalbo first thanks Plaintiff for the correspondence from her family, and then insulted the Plaintiff telling her that her concerns belong with a mental health professional, while Plaintiff's dad's house was being put on Zillow that same day.

## Phase 4: The Real Estate Squeeze & Asset Forced Sale (June 2023-July 2023)

**42. June 17, 2023:** The plaintiff independently found her father's house up for sale on Zillow and sent an urgent demand to counsels's office.

The Plaintiff explicitly stated that the will was fraudulent, that her father passed away without a will, and demand to know how a sale was possible before the validity of the will was ever proven. Defendant Capalbo intercepted this email , completely ignored the Plaintiff's warning, and allowed the unauthorized house sale to continue.

**43. June 19, 2023:** Defendant Capalbo emailed Plaintiff following a court review revealing that Attorney Hovarth had already signed a contract to sell my father's house with a fixed closing date of August 1, 2023. Calpalbo stated that the Judge was not convinced Plaintiff was her

father's daughter, demanded and expensive DNA test, and claimed her official birth records were completely insufficient. Capalbo further threatened Plaintiff with a forced, in-person deposition in Rhode Island, reveling that Defendants had secretly told the judge she voluntarily submitted to their out-of-state power. Hovarth filed petition to sell real estate 6/19/2023 and a hearing was set for 7/24/2023, and permission to sell personal property was granted that day.

**June 19, 2023:** Defendant Capalbo emailed Plaintiff following a court review, revealed that Attorney Hovarth had already signed a contract to sell my fathers house with a fixed closing date of August 1, 2023. The underlying PC 4.2 real estate petition was filled out by hand on this exact day, but completely lacked any official court clerk clock-stamp. This paper was later used to secure a real estate sale decree signed by Judge Paula Cuculo on July 24, 2023, carried a certificate signed by Mary Hovarth confirming she sent the execution notices straight to Capalbo and Linares.

44. **June 20, 2023:** Plaintiff emailed counsel's office because she was beyond upset that they were ignoring all the evidence she sent them. Plaintiff asked why they were only interested in her paternity when there were huge red flags waving all over the will, and reminded them that I named my first born son after my father 43 years ago. On this exact same day, Attorney Mary Hovarth filed papers with the probate clerk to hurry up and sell her dad's real estate and personal belongings, which the court officially stamped on June 26, 2023.

45. **June 26, 2023:** Attorney Mary Hovarth submitted a real estate notice form that was officially stamped by the probate clerk. This public document explicitly confirmed the fraud, admitting under oath that notice of the property petition was not mailed to Plaintiff until June 20, 2023, which was the day after the hearing had already concluded on June 19th. The Defendant's

never delivered this paper to me, and I only discovered it after Attorney Lambros audited and copied the physical file, proving they completely hid the house sale dates.

46. **July 21, 2023:** Sensing an internal cover up, I wrote a direct letter to the North Providence Town Clerk, Mary Ann DeAngelis, bypassing my lawyers. I explicitly declared that the estate administration was a fraud and was asking if she could look at my file and tell me if an , "objection to the will," was ever actually filed in the record. Instead of checking the file, the town clerk immediately alerted my attorney about my letter and my fraud inquiry.

**46a. July 24, 2023:** Following the town clerks alert, Defendant Capalbo sent a hostile email falsely accusing me of attempting to contact the probate judge directly. Capalbo aggressively stating that we represent your interests in the probate matter, we cannot and will not allow you to contact the Judge. In reality, my letter to the clerk only requested standard public forms and an update on whether my forms had been hidden. Also asking the most important question, was the Objection to the will ever filed??? It was in the probate file but unstamped.

**46b. June 22, 2023:** A bill was generated to Arnold DiBattista from Robin's Funeral Home for a total of $2984.63. The Defendants hoarded this 2022 invoice for ten months generating the paperwork right as they prepped the house sale. They ran this payout behind my back while leaving the official court records completely blank in Rhode Island.

**47. Early July 23, 2023:** Capalbo actively blocks Kathy from stopping the sale, writing a deceptive legal misrepresentation:""At this point you do not have a standing to object, but even if you did have standing there is no basis for the objection."

**47a. July 6, 2023:** The Division of Taxation issued a discharge showing no estate tax was due. The Defendants secretly filed these tax papers behind my back to clear the property title. This proved they were prepping the house sale while keeping me blind out in California.

**48. July 25, 2023:** Following my direct financial demand for my hoarded retainer credit of $500., Defendant Strachman sent hostile emails retaliating against me. Strachman gaslit my heritage, claiming my case was impossible due to my father's supposed cruelty, while explicitly **confessing he was still feeding advice and strategies to Attorney Capalbo, more than likely Hovarth as well.** He further **threatened me with legal action for online slander**, using intimidation to force my silence.

**48a. July 26, 2023:** I immediately replied to Defendant Strachman's threats, declaring that I did not slander him and that I spoke nothing but the truth. Following my defiance, Strachman immediately backed down from his threats of legal action, refused to argue, and agreed to return my hoarded retainer. He stated he would order a check to be sent that day, of course he took another $300 for charges he said he he hadn't billed yet, refund was $200.

**49: August 3, 2023:** In my written response to Defendant Capalbo, I exposed the malicious $12,370.00 financial blockade being used to force my submission. I itemized their deliberate economic squeeze: Capalbo charged an additional $1570.00 over her initial $3,500.00 fee, demanded a fresh $3,500.00 retainer and threatened an in-person deposition costing $4800.00 in travel and lost income of $2500.00.

I explicitly put the firm on notice that their actions were criminal, that Strachman was protecting the fraud and that the enterprise was forcing me out to illicitly split my dad's estate cash four to six ways, to the absolute exclusion of the lawful biological heir.

## Phase 5: The Final Forced Conversion & Stolen Equity Flip (August 2023-August 2026)

**50. August 2, 2023:** March 31, 2023 under the direction of Defendant Capalbo's office, the Plaintiff executed a full set of written interrogatories in perfect chronological order.

The Plaintiff gave clean, correct answers regarding her biological lineage, including her birth name Demers and her 1955 Providence birth registry.

The Plaintiff officially signed this entire discover packet under the pain and penalties of perjury, had the pages verified and stamped by a California Notary Public. However, the defendants butchered Plaintiff's pages, cut off lines 1 and 2, and submitted a version that completely lacked any official court clerk stamps, proving they used un-filed ghost document to hide my biological identity once again.

An audit revealed the Defendant deliberately cut off lines 1 and 2 of my discovery answers, which documented my birth name Demers and my 1955 Providence hospital birth record.

They butchered my pages and added fake typos to hid my biological identity for the judge, using an un-filed office bluff lacking any court stamps to extort Plaintiff.

**50a. August 2, 2023:** Defendant Capalbo emailed me a July 27, 2023 Motion to Compel from Attorney Margaret Hovarth, threatening an ambush hearing on August 7, 2023.

The public probate record revealed the Defendants deliberately altered my discover pages, cutting off lines 1 and 2 physically whited out my March 31, 2023 perjury oath following response 16. The Defendants stripped my notary block to hid my identity, using this tampered document to secure an official sideways signature from Probate Judge Paula Cuculo stamped July 27, 2023, finalizing a fraud on the court.

**51. August 1, 2023:** Plaintiff sent a final email to Defendant Capalbo terminating her firm and explicitly stating I was not moving forward with anything. Plaintiff called her actions criminal and inhumane stating she lost all faith in her because David Strachman, the attorney I fired, was continuing to run my case from behind the scenes, and clearly she allowed it.

I put the firm on notice that after spending $8,000.00, they have weaponized the system to steal the inheritance my father intended for his only child.

**52: August 2, 2023:** While my attorney was flooding me emails with threats about fees and court rules, she never told me what happened at the July 24th real estate hearing. Nobody ever informed Plaintiff that the judge had already signed the papers giving them permission to sell my father's house. They kept me completely in the dark about this court order so I would not know the property was being sold until it was too late.

**53.** Defendant Calpalbo emailed me suggesting that our relationship end and that her office withdraw so Attorney Nicholas Lambros could take over my case. She stated that for her firm to proceed on my matter, I was required to pay an outstanding invoice and replenish my cash retainer which was a total of $5070.00. She used this billing demand and withdrawal suggestion to push me out of her office while keeping the signed house sale order completely hidden.

**54. August 2, 2023:** The literal day after my August 1st deadline stalled out because I objected to them selling my father's house, Defendant Capalbo hit my email with a scary court threat letter titled Rule 37 Motion to Compel. She used this heavy legal paper to frighten me across state lines, making me feel like I was breaking the law for trying to protect my dad's property. This aggressive timing completely broke my spirit and forced me to submit so they could push the house sale through without my interference.

## Phase 5: The Final Forced Conversion & Stolen Equity Flip (August 2023-August 2026)

**55. August 2, 2023:** I forwarded Defendant Capalbo a text with my cousin Robin where I requested her voluntary DNA to defeat Arnold's Identity dispute. Robin textually admitted to my parentage by asking, "Why do you need to prove it?", confirming the family already knew I was Daniel's daughter. The moment I explained that Arnold was denying my heritage, she refused to get involved, and Defendant Caplabo completely ignored the email and never even addressed this crucial evidence.

**56. August 2 2023:** I mailed Capalbo explicitly protesting the severe financial burden of the forced Rhode Island trip, warning I was ready to file a complaint with the State Bar over their games. I put the firm on notice that the estate timeline screamed fraud. In this same email, I explained that my father kept me a secret because his wife could not have children, and respected his privacy. Maybe he was embarrassed to ruin his image after so many years. I ended every letter to him stating, "please write and I love you," proving he left his estate intestate to naturally protect his only biological daughter and grandchildren.

57. **August 3, 2023:** Defendant Capalbo emailed me completely avoiding all of my fraud evidence, demanding a final answer whether I would submit to the in-person deposition. I replied confirming I was finished spending money to get nowhere, explicitly documenting that I had lost over $8000.00 due to their deliberate fraud and deliberate sabotage. I put her on notice that I possessed a certified birth certificate and a written letter from my father's own sister proving I was his only child, and warned I was sending a fraud packet to the Rhode Island State Bar.

**58: August 4, 2023** The literal day after I exposed the networks deceit, Defendant Capalbo demanded immediate confirmation to withdraw my objection to the probate.

The Defendant's never actually fought for my biological objections, but weaponized the word in their paperwork solely as a legal tool to check their own boxes and force my exit.

When I replied stating, "its not that I want to, I need to," it proved my withdrawal was entirely coerced by an enterprise manipulating the legal terms to steal my inheritance.

Capalbo aggressively pushes Kathy to pull her objection explicitly demands the plaintiff and uses the legal wording, Kathy, I just want to confirm, "**do you want our office to "withdraw your, objection to the petition for probate of will?**" Via email. Please confirm. Even though they never once was objecting the will.

**59: August 6, 2023:** The literal day before the August 7th Ambush court hearing, I sent a second request to obtain a copy of my case file. I previously emailed paralegal Tamara on July 29, 2023, stating my suspicion that David Strachman had withheld my true biological evidence and failed to forward my complete files to her firm.

They completely ignored both requests and never wrote back, keeping me totally in the dark and without my papers while they went to court.

**60. August 7, 2023:** The Defendants immediately filed a Bond to Sell Mortgage Real Estate, signed by Attorney Margaret Mary Hovarth and Arnold to clear the path for the house liquidation. An audit revealed the underlying property appraisal copies carried **zero official court clerk clock-stamps.** They deliberately kept the true worth of my father's house completely hidden from the public court files so nobody could see the real numbers while they rushed the sale through.

**60a. August 7, 2023:** The literal morning of the court hearing, the probate registry officially stamped a Withdrawal of Objection to Petition for Probate of Will. My own kitchen-table copies show that nobody had signed the document, leaving it completely blank on who carried my forced exit to the counter.

**60b. August 9, 2023:** The probate registry officially clock-stamped a Universal Appointment Bond, fully granting Arnold control over my father's estate.

Arnold and Attorney Hovarth signed this document on August 8, 2023, the literal day after the scheduled court ambush hearing took place. They rushed this appointment license through the counter immediately after I quit to lock down the legal authority they needed to sell the house to the corporate LLC.

**61. September 8, 2023:** Rhode Island real estate records published by the Providence Journal confirmed my dad's property was sold to an insider entity named Rodriquez marketing LLC for a flat $300,000.00 The deeds used my deceased fathers name, Daniel A. DiBattista, as a living seer alongside Arnold to force the corporate transfer through.

This marketing company acted as a middleman, undertaking a turnkey renovation to flip the house for $615,000.00, pocketing a massive fortune of over $315,000.00, in stolen family equity.

**62.. August 9, 2023:** Town Clerk Mary Ann DeAngelis signed Form PC-3.6 the Statement of Qualification, typing in the date of August 9, 2023. An audit revealed the official "Date Filed" box at the top of the form was left completely empty, and the middle block remained entirely blank. The form pre-printed the future Providence Journal notice dates of August 25th and September 1st, 2023, proving the Defendants rushed this incomplete paperwork through to satisfy title insurance rules after I quit.

62a. August 9, 2023: Along with the qualification oaths, the registry issued Form PC-3.2A, the Certificate of Appointment for the estate. An audit revealed this certificate was fraudulently backdated to November 7, 2022, to create the illusion that Arnold DiBattista held continuous legal authority over the property. The Defendants used this backdated certificate to patch up the nine-month delay and bypass title insurance hearing the path for the secret real estate transfer to the corporate LLC right after I quit my case.

**63. October 4, 2023:** Defendant Strachman sent a fake email to Capalbo preceding he knew nothing about Plaintiff's case, asking if she still represented Kathy Castillo. In this text, Strachman threatened to sue Plaintiff for defamation in Rhode Island, using a legal bluff to frighten me into silence. This was a calculated cover-your-butt stunt written for the Disciplinary Board, directly contradicting his July 25, 2023 email where he admitted he was still working my case behind Plaintiffs back.

**64. August 23, 2024:** I accidentally sent an unfinished draft email to Defendant Strachman while cleaning my folders, and immediately replied to apologize for the computer mistake. Strachman fished for my physical location, asking, "Are you still at the same address?" Before explicitly threatening: "for the constable to serve you." Strachman weaponized this accident email to issue a cross-state threat of law enforcement service at my home, attempting to intimidate me.

**Phase 6: The Administrative Suppression and Bar Protection (January 2024-June 2025) 65. January 14, 2024:** Plaintiff submits evidence Disciplinary Board against Defendant David Strachman and Defendants Margaret Mary Hovarth & Attorney George Hovarth to prove her case to the Rhode Island Supreme Court Disciplinary Board.

66. **January 22, 2024:** Defendants Margaret Mary and George Hovarth submitted their formal rebuttal to the Disciplinary Board. Margaret Mary Hovath physically signed the document twice, falsely swearing that her probate records and alleged witness timelines were completely true and correct. This double signature proved a deliberate pattern of administrative perjury and obstruction, executed solely to protect their law licenses from forgery evidence.

**66a. February 14, 2024:** Defendant David Strachman hand-walked his initial rebuttal pack straight into the board carrying the court's transmittal sheet. Strachman lied right off the bat, claiming my complaint was a reaction to Yelp reviews, labeling my 1955 typewriter corrections as "purported" files and falsely claiming I hid my father's long silence. In reality, pages 3- 5 of my original complaint had already disclosed my full family history, and I immediately notified Maria Lenz to catch his lie red-handed. Among other lies to the court.

**66b. February 14, 2024:** In his hand walked board response, Strachman actively attacked my biological lineage records. He labeled my certified birth sheets as mere "purported. Conflicting documents," falsely claiming I could not explain the 1955 clerk corrections, carets, and wonky typewriter keys. His own papers from February 2, 2023, proved Strachman already knew my exact clerical explanation , but he lied about the judge wanting a document to hide how he was secretly working with the Hovaths to clear the house sale behind my back. Twisted things to the Disciplinary Board to protect himself.

**67. May 13, 2024:** The Disciplinary Board issued an administrative closure notice signed by Deputy Disciplinary Counsel Maria Lenz, rubber-stamping the attorneys' conduct by claiming a lack of clear and convincing evidence. Lenz blindly accepted the Defendant' fake probate and notice timelines without conducting a genuine record audit. I immediately filed a detailed, 7-

page written appeal to the board, declaring her ruling a total slap in my face, providing additional structural proof of their timeline, manipulations, and demanding the panel conduct a formal review of her administrative closing.

**68. July 9—October 22, 2024:** I engaged in a multi-month email chain with Maria Lentz checking on the status of my pending 7 page appeal. Lenz's initial stalled me by stating my case would be heard in September or October, but when I followed up on October 2, she abruptly pushed it off again the next day, claiming I would receive a letter by the end of the year. This string-along pattern proved the board's front desk actively ran out the clock for eleven months to suppress my forgery proofs while keeping me blind, out in California.

**69. November 13, 2024:** I finally received another denial to both Stachman & Hovarth's complaints signed by Kerry Reilley Travers. The Disciplinary Board issues a formal ratification letter signed by Chief Disciplinary Counsel Kerry Reilley Travers, unanimously voted to Close my fraud complaints with zero factual explanations. Travers arrogantly wrote that their brush-off was a "thorough investigation" and that their involvement never would have impacted the probate courts decisions anyway

**69a. June 10, 2025**: Plaintiff called Kerry Reilley Travers and had to leave a message. Instead of calling me back she sends out yet another generic letter on 6/10/2025 with no facts of why they all came to the same conclusion. So I explicitly wrote a stern formal complaint letter directly to Chief Disciplinary Counsel Kerry Travers, lining out at least a dozen specific, blatant ethics violations committed by Defendant Strachman alone, typed in bold red ink to ensure absolute visual transparency. This formal waring detained his unauthorized backroom meetings, misrepresentations, and deliberate vital physical evidence from the probate court docket. Chief

Counsel Travers completely failed to execute a post-fraud investigation effectively shielding the huddle's completed estate siphon and covering up the mechanics of how the fraudulent will went un-scrutinized permanently denying the Plaintiff all basic due process protections from California. Three requests were sent for an answer which were ignored.

**70. February 2023:** I first discovered (3 initials only) Name was withheld on the will. Alec Lee Perry's name on the alleged will and scrutinized the signature under my lamp. I blew the signatures up on a copy machine, revealing identical pen blobs at the starting points, matching takeoffs, and the same sharp right angles with liftoffs. To the naked eye, George Hovarth's signature and the witness signature are too much alike to be real. Attorney Nicholas Lambros later confirmed over the phone that they did look remarkably similar, providing independent validation of this uncanny double forgery executed by the legal enterprise.

70a: I conducted a close forensic review of Mary Hovarth's signature against the alleged 2020 will. My father's genuine signature card proves his true handwriting habits, including a letter "D". My dad's D starts at the top and goes straight down and back up and loops over and around. Then his strokes at the end of DiBattista he clearly takes the "a", and circles around to cross the "t's" In sharp contrast, the alleged will shows two stiff, specifically separated letter "t's" at the end of his name. This unusual script perfectly copies Attorney Mary Hovarth's newest court papers, where she habitually writes her own ending letter "h" as two pronounced , separated "t's," This visual proof establishes the mechanical footprint of the drafting attorney's hand possibly dragging the pen to forge Daniel DiBattista's signature, while she was the person executing and notarizing the paperwork.

**71. 10/6/2026:** I uncovered an official Rhode Island Warranty Deed dated November 23, 2020, proving the Defendant Arnold DiBattista secretly transferred his real estate assets into an unrecorded family living trust for less than 100 dollars. Furthermore, I uncovered a related trust stipulation officially stamped on May 15, 2023, in the middle of my active estate dispute. Arnold and Muriel DiBattista executed these maneuvers before Notary Andrew G. Nault, invoking special exemptions to bypass city tax stamps, proving a continuous pattern to shield assets from future fraud lawsuits while the inheritance siphon expanded.

72. As a direct and proximate result of the Defendants coordinated fraud, conversion, and gross malpractice, the Plaintiff suffered a total economic asset loss of approximately $593,000, itemized by stolen real estate equity, converted bank accounts, and all out of pocket legal expenses and fees. The exact audited figures will be established through judicial subpoena during eat federal discovery phase.

**A.** Stolen estimated Real Estate Value: $470,000.00, representing the true fair market value of the primary residence which was flipped by third parties for $615,000.00; in August 2026.

**B.** Converted estimated Bank Cash Accounts: $105,000.00, representing the liquid savings. Estimate give or take. Plaintiff was never allowed to see a thing.

**C.** Converted Union Death Benefit: $8,000.00, representing the stolen Carpenters benefit fund; according to Defendant David Strachman. Plaintiff was never allowed to see a thing.

**D.** Out -of - Pocket Legal Losses: $10,000.00

## The October 28th Mailed Fraud Packet and Will

**73. October 28, 2022:** I received a complete, lump-sum e-mailed packet representing the very first time I laid eyes on the alleged will. This corporate pack contains a fraudulent Petition to Probate a Will completely devoid of any clear stamps or dates, alongside the decree, my father's death certificate, and empty, unexecuted Waiver sections. The enclosed records and family obituaries prove the entire estate siphon exclusively revolved around Defendants Arnold's immediate family, demonstrating coordinated layout to shield the enterprise and convert baseline funds to the absolute exclusion of the lawful biological heir.

**74. Most of 2025 and partly thru May 2026:** Prior to initiating this action, the Plaintiff exhausted available administrative avenue, providing notice and detailed evidence of malpractice, forgery, and title fraud directly to: Rhode Island Disciplinary Board Chief Counsel Kerry Travers, Supreme Court Clerk offices, Probate Clerk denied, Mary Ann DeAngelus never offered that I had a window to appeal. Notary Fraud Investigator, they were a little helpful, the Rhode Island State Police and Attorney General Peter Neronha's office, State Bar, and numerous attorney's declined because they were friends with Strachman and or conflict of interest. All agencies failed to intervene leaving the Plaintiff with zero remedies other than seeking immediate federal intervention under Civil RICO.

## FEDERAL CAUSES OF ACTION & LEGAL COUNTS

### Count I: CIVIL FRAUD & FRAUD ON THE COURT (Against all Defendants)

1. Plaintiff incorporates all prior chronological facts by reference.
2. Defendant fabricated and backdated public documents to misrepresent the estate record as un-contested

**3.** Defendants executed these actions maliciously to strip Plaintiff of her due process.

**4.** Plaintiff suffered complete conversion of her inheritance.

4-A. Defendant David J. Strachman further executed his fraud through a continuous patten of administrative intimidation, explicitly threatening the out of state Plaintiff on multiple occasions with weaponized retaliatory defamation lawsuits, immediate litigation, and the deployment of a local constable to intentionally core her into total silence.

4-B. Defendant David J. Strachman further demonstrated extreme malice and executed an intentional infliction of emotional distress by repeatedly engaging in the deplorable dehumanization of the Plaintiff's deceased father, explicitly maligning his character with weaponized, vicious insults to break the Plaintiff's resolve.

## COUNT II: CIVIL CONSPIRACY (Against all Defendants)

5. Plaintiff incorporates all prior chronological facts by reference.

6. Defendant entered into a coordinated alliance to convert estate equity form the lawful heir.

7. Defendants performed collaborative acts including sharing private files and purging court records.

8. Plaintiff suffered a total asset loss exceeding $593,000.00

## COUNT III: BREACH OF FIDUCIARY DUTY & GROSS LEGAL MALPRACTICE (Against Strachman, Capalbo, and Bilodeau Capalbo LLC)

9. Plaintiff incorporates all prior chronological facts by reference.

10. Defendants owed Plaintiff absolute loyalty, transparency and competence.

11. Defendants breached duties by collaborating with opposition, leaving objections, unstamped, and using vicious threats of immediate abandonment.

12. Breaches directly caused the permanent conversion of estate assets.

## COUNT IV: CONVERSION (THEFT OF PROPERTY) (Against all Defendants)

13. Plaintiff incorporates all prior chronological facts by reference.

14. Under California and Rhod Island intestacy laws, the Plaintiff possesses an absolute vested ownership and possessory interest in the liquid bank accounts, personal property, and real estate equity of her biological father, Daniel DiBattista.

15. Defendants intentionally, wrongfully, and unlawfully exerted unauthorized dominion and control overtness estate assets to the absolute exclusion of the Plaintiff.

16. Defendants executed this theft by draining the decedent's liquid savings accounts, hiding estate ledgers, siphoning baseline funds under the guise of an unauthorized power of attorney, and executing a depressed cash sale of the family real estate.

17. Defendants intentionally, wrongfully, and unlawfully exerted unauthorized dominion and control over these assets to the absolute exclusion of the Plaintiff by draining the decedent's liquid savings accounts, hiding estate ledgers, siphoning baseline funds under the guise of an unproved Power of Attorney, and executing a depressed cash sale of the real estate.

18. As a direct and proximate result of the Defendants unlawful conversion, the Plaintiff has been severely damaged and deprived of her lawful inheritance in the baseline economic sum exceeding $593,000.00.

**Count V: Spoliation of evidence & Notarial misconduct (against Defendants David James Strachman, Margaret Mary Hovarth, George Patrick Hovarth, Ryanna Capalbo, and Bilodeau Capalbo, LLC)**

16. Plaintiff incorporates all prior chronological facts into this Count.

17. Defendants possessed a strict legal duty to preserve the integrity of the public record during an active, disputed probate matter.

18. Plaintiff incorporates all prior chronological facts by reference.

19. Defendants intentionally breached this duty by physically sifting through the court folder and destroying the Plaintiff's photographs, cousin's emails, and the original certified mail hard copy of Plaintiff's father's, while knowingly handing a false document and withholding vital evidence from the presiding judge.

20. Defendant's explicitly abused court process by issuing and unsigned, unauthorized Form PC 5.3 subpoena bypassing signature and bar number requirements and filing a truncated one-page ghost document into the registry.

21. As a direct result of this fraudulent spoliation, Defendants intentionally obstructed the ministration of justice to shield their real estate siphon pattern.

4. **PRAY FOR RELIEF & MANDATORY NOTARY JURAT**

**PRAY FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgement against Defendant's, jointly and severally, for:

A. Compensatory Damages in the baseline of $593,000.00;

B. Punitive Damages for egregious and malicious abuse of the probate and notary systems;

C. Statutory Interest and all court costs;

D. Such other and further relief as this Court deems just and equitable.

**VERIFICATION UNDER OATH**

I, Kathy Castillo, declare under penalty of perjury the laws of the United States of America that the foregoing facts and counts are true and correct to the best of my knowledge.

Executed this 5 day of November, 2026 at Vacaville, California

Kathy Castillo, Plaintiff Pro Se

STATE OF CALIFORNIA, COUNTY OF Solano

Subscribed and sworn to (or affirmed) before me 5th day of November ,2026, by Kathy Castillo, who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

(Notary Public Signature) [PLACE SEAL STAMP HERE]

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA COUNTY OF Solano

Subscribed and sworn to (or affirmed) before me on this 5th day of November 2026 by Kathy Castillo

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me

(Signature of Notary)

AUBREY GRACE BARNHART
COMM. #2560023
Notary Public - California
Solano County
My Comm. Expires June 23, 2030